FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEP 28 2023

SEAN F. McAVOY, CLERK
DEPUTY
SPOKANE, WASHINGTON

United States District Court
Eastern District of Washington

WARREN E. BELL JR.

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

WASHINGTON DEPT, CORRECTION Staff: Medical staff. JOHN DOES 1-10

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section I. Do not include addresses here.)*

Case No. **4:23-cv-05134-RMP**
(To be filled out by Clerk's Office only)

**COMPLAINT**

Jury Demand?
☒ Yes
☐ No

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

If this is an employment discrimination claim or social security claim, please use a different form.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

## I. PARTIES IN THIS COMPLAINT

**Plaintiff**

*List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.*

Plaintiff: BELL, WARREN E. JR.
Name (Last, First, MI)

1313 NORTH 13th AVE
Street Address

WALLA, WALLA WA. 98362
County, City State Zip Code

WASHINGTON State Penitentiery (WSP)
Telephone Number E-mail Address (if available)

**Defendant(s)**

*List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: WASHINGTON Dept. of Correction
Name (Last, First)

Street Address

County, City State Zip Code

Defendant 2: LINDSAY D, ARNP
Name (Last, First)

Street Address

WALLA WALLA WA 98362
County, City State Zip Code

**Defendant(s) Continued**

Defendant 3: Caughron, Desalaye #7555
Name (Last, First)

Street Address

County, City State Zip Code

Defendant 4: WSP Medical Staff. DEPt. Correction
Name (Last, First)
DIRECTOR Cherly Strange
Street Address
W.
County, City State Zip Code

## II. BASIS FOR JURISDICTION

*Check the option that best describes the basis for jurisdiction in your case:*

☐ **U.S. Government Defendant:** United States or a federal official or agency is a defendant.

☐ **Diversity of Citizenship:** A matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000.

☐ **Federal Question:** Claim arises under the Constitution, laws, or treaties of the United States.

If you chose "Federal Question", state which of your federal constitutional or federal statutory rights have been violated.

28 U.S.C. § 1331-1343; base on 42 U.S.C. § 1983 and 28 U.S.C. § 1367

## III. VENUE

*This court can hear cases arising out of* Click here to enter text.

*Under 28 U.S.C § 1391, this is the right court to file your lawsuit if: (1) All defendants live in this state AND at least one of the defendants lives in this district; OR (2) A substantial part of the events you are suing about happened in this district; OR (3) A substantial part of the property that you are suing about is located in this district; OR (4) You are suing the U.S. government or a federal agency or official in their official capacities and you live in this district. Explain why this district court is the proper location to file your lawsuit.*

Venue is appropriate in this Court because:

the events and conduct Complained of herein all occurred in the District of WASHington.

## IV. STATEMENT OF CLAIM

Place(s) of occurrence: Washington States Penitentiary

Date(s) of occurrence: VARIOUS Violation DATES) SEE: MEDICAL RECORD(S) Correction REPORT(S)

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions.*

FACTS: SEE COMPLAINT AT LAW AND IN EQUITY NINE Pages (1-9) Page (4)

(1) ALLEGATIONS COMMON TO All Claims FOR RELIFE

What happened to you?

COUNT II, GROSS NEGLIGENCE

COUNT (2) MEDICAL Negligence

Was anyone else involved?

COUNT (3)

WASHINGTON state Department of Corrections!
SEE: Pursuant TO 4.92 RCW 4.92.100

Who did what?

## V. INJURIES

*If you sustained injuries related to the events alleged above, describe them here.*

SEE: COUNT (2) Gross NEGligence.

## VI. RELIEF

The relief I want the court to order is:

☐ Money damages in the amount of: $ 5,000,000

☒ Other (explain):

Plaintiff is Seeking damages against each Defendants named, individually and Collectively in an amount determined in a trial by Jury, as well as any and all other Relief deemed necessary

## VII. CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

9-10-2023
Dated

Warren E. Bell Jr.
Plaintiff's Signature

BELL, WARREN E. Sr. DOC# 766981 WA-ICZL
Printed Name (Last, First, MI)

1313 North 13th Ave. Wallawalla WA. 99362
Address City State Zip Code

Telephone Number

E-mail Address (if available)

*List the same information for any additional plaintiffs named. Attach additional sheets of paper as necessary.*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

WARREN E. BELL Jr, ) NO.
Plaintiff, ) COMPLAINT AND DECLARATION
) IN SUPPORT.
V. )
**WASHINGTON DEPT. OF CORRECTION,** )
**JOHN DOE 1-10 DEPT OF CORRECTION** )
**MEDICAL STAFF JOHN AND JANE DOES,** )
**1-10.** )
**DEFENDANTS.** )

COMPLAINT AT LAW AND IN EQUITY

AND NOW, comes Plaintiff, Warren E. Bell Jr, Pro Se, to file this instant Complaint and in support thereof avers as follows:

A The Plaintiff hereby initiates the instant action by way of 42 U.S.C.~ 1983 Civil Action For Deprivation of Rights Under Color of State Law Resulting from the Defendant's refusal to provide medical treatment Thereby infringing on plaintiff's constitutional rights to be free from Cruel and unusual punishment and giving rise to this instant action

Seeking remedy and damages.

B. As a direct and proximate result of the misconduct of the Defendants Individually and collectively described herein, Plaintiff suffered economic And non economic damages in an amount to be fully determined in a Trial by jury.

C. The Plaintiff is seeking compensatory and punitive damages against the Defendants , each named in this instant matter individually and collectively In an amount to be determined in a trial by jury as well as any and all other Relief deemed necessary and applicable based on the facts and circumstances described herein.

SEE; ATTACHMENT COMPLAINT AT LAW

COMPLAINT AT LAW AND IN EQUITY

DEPT. CORRECTIONS STAFF.

(1) William D. Hale 7782 C/O 09-06-22

(2) Desarae, Caughron # 7555 C/O

(3) Dale, Kelly C/O 09-06-22

(4) William Watson 7718 09-06-22

(5) Clark, Ryan 7363

(7) Chris Hoerner 09/06/22

(8) LT. G. Lugo

(9) Block Adriana # 7308

(10) Schreindl. Paul # 7448

Was anyone else involved?

(11) Hernandez-Mendoza J # 7240

**JURISDICTION AND VENUE**

4. This is an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367 as well as any and all other grounds relevant and pertinent to this legal action.

5. Venue is proper in the District of Washington in that the events and conduct complained of herein all occurred in the District of Washington.

**PARTIES**

6. PLAINTIFF - Warren E. Bell, Jr. – is the Plaintiff in the instant matter with an address of Address Line 1, Address Line 2.

7. DEFENDANT, Washington Department of Corrections and John Does 1-10, Individual Capacities - are the Defendant in the instant matter with an address of Address Line 1, Address Line 2.

8. Plaintiff does not know the true names and capacities of the defendants sued as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Upon information and belief, Defendant may have a role in the matters complained of and/or soon will have a role in the matters complained of. Plaintiff does not currently know the true names and capacities of those who may have a role in the matters complained of, but Plaintiff will amend his complaint to add the true names and capacities of these defendants when they are ascertained throughout the course of litigation during the process of discovery by seeking to obtain disclosures from the Defendant.

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

9. The Plaintiff hereby initiates the instant action by way of 42 U.S.C. § 1983 Civil Action For Deprivation of Rights Under Color of State Law resulting from the Defendant's refusal to provide medical treatment thereby infringing on the Plaintiff's fundamental constitutional rights to be free from cruel and unusual punishment and giving rise to the instant action.

10. Throughout the course of the previous year, as evidenced in the medical records of the Plaintiff, the Plaintiff has been denied proper medical treatment by the Defendants so much that it has resulted in an infection that has caused the Plaintiff substantial amount of pain and suffering while in the custody and care of the Defendants.

11. The WPS Medical Staff, Department Correction, and D.O.C. Director Cherly Strange have all been notified of this matter and have refused to take any corrective action to remedy the violations complained of herein; instead the Plaintiff has received a substantial amount of excuses as to why the Plaintiff is being denied proper medical care which has resulted in exasperation of the Plaintiff's underlying pain and suffering.

12. In doing so, the Defendants have infringed on the fundamental due process rights of the Plaintiff to be free from cruel and unusual punishment thereby giving rise to the instant action seeking remedy and damages.

12. As a direct and proximate result of the misconduct of the Defendants individually and collectively described herein, Plaintiff suffered economic and non-economic damages in an amount to be fully determined in a trial by jury.

13. The Plaintiff is seeking compensatory and punitive damages against each of the Defendants named in the instant matter individually and collectively in an amount to be determined in a trial by jury as well as any and all other Relief deemed necessary and applicable including but not limited

to injunctive relief ordering the restoration of the real property subject to the instant matter to the possession of the Plaintiff.

## COUNT I

## CIVIL ACTION FOR DEPRIVATION OF RIGHTS

14. The Plaintiff hereby references and incorporates Paragraphs 1 through 31 as though set forth herein at length.

15. Section 1983 provides, in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

16. To assert a claim under section 1983, Plaintiff must show (1) he had a right secured by the Constitution and laws of the United States that was violated (2) by a person who acted under color of state law. Hall v. Witteman, 584 F.3d 859, 864 (10th Cir. 2009)

17. The complaint must allege an affirmative link between the alleged constitutional violation and the specific individual's participation in that violation. Stidham v. Peace Officer Standards and Training, 265 F.3d 1144, 1156-57 (10th Cir. 2001).

18. The doctrine of qualified immunity "shields government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." DeSpain v. Uphoff, 264 F.3d 965, 971 (10th Cir. 2001) (quoting Baptiste v. J.C. Penney Co., 147 F.3d 1252, 1255 (10th Cir. 1998) (internal quotation marks omitted)).

19. Once a defendant asserts the defense, the plaintiff must demonstrate that qualified immunity is not proper by showing that "(1) the defendant's conduct violated a constitutional right and (2) the

law governing the conduct was clearly established at the time of the alleged violation." DeSpain, 264 F.3d at 971 (quoting Baptiste, 147 F.3d at 1255).

20. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 34546 (1981).

21. The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).

22. The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).

23. The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).

24. In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

25. The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35-37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

26. In the instant matter, the Defendants have acted with deliberate indifferent to the medical needs of the Plaintiff thereby infringing on the Plaintiff's fundamental constitutional right to be free from cruel and unusually punishment including the Defendant's brazen refusal of basic medical treatment; the Plaintiff's medical records substantiate this claim.

27. In doing so, the Defendants have infringed on the fundamental due process rights of the Plaintiff to be free from cruel and unusual punishment thereby giving rise to the instant action seeking remedy and damages.

28. As a direct and proximate result of the misconduct of the Defendants individually and collectively described herein, Plaintiff suffered economic and non-economic damages in an amount to be fully determined in a trial by jury.

29. The Plaintiff is seeking compensatory and punitive damages against each of the Defendants named in the instant matter individually and collectively in an amount to be determined in a trial by jury as well as any and all other Relief deemed necessary and applicable including but not limited to injunctive relief ordering the restoration of the real property subject to the instant matter to the possession of the Plaintiff.

**COUNT II**

**GROSS NEGLIGENCE**

30. Paragraphs 1-18 are hereby referenced and incorporated as if though fully stated herein at length.

31. The four concepts fundamental to any negligence action: duty, breach, proximate cause, and damage or injury." Harbeson v. Parke-Davis, Inc., 98 Wn.2d 460, 477, 656 P.2d 483 (1983)).

32. According to the Washington Pattern Instructions, WPI 10.07, gross negligence is the failure to exercise slight care. This is negligence (not intentional) that is substantially greater than ordinary negligence. Failure to exercise slight care does not mean the total absence of care, but care

substantially less than ordinary care. See *Blide v. Rainier Mountaineering, Inc.* 30 Wn.App. 571, 574 (1981)

33. In the instant matter, the Defendants have acted with deliberate indifferent to the medical needs of the Plaintiff thereby infringing on the Plaintiff's fundamental constitutional right to be free from cruel and unusually punishment including the Defendant's brazen refusal of basic medical treatment; the Plaintiff's medical records substantiate this claim.

34. In doing so, the Defendants have infringed on the fundamental due process rights of the Plaintiff to be free from cruel and unusual punishment thereby giving rise to the instant action seeking remedy and damages.

35. The state agencies responsible for the damage / injury in the instant matter include the Washington State Department of Corrections and various individuals not identified at this time to be identified properly throughout the process of discovery.

36. As a direct and proximate result of the misconduct of the Defendants individually and collectively described herein, Plaintiff suffered economic and non-economic damages in an amount to be fully determined in a trial by jury.

37. The Plaintiff is seeking compensatory and punitive damages against each of the Defendants named in the instant matter individually and collectively in an amount to be determined in a trial by jury as well as any and all other Relief deemed necessary and applicable including but not limited to injunctive relief ordering the restoration of the real property subject to the instant matter to the possession of the Plaintiff.

**COUNT III**

**STATE TORT CLAIM**

**PURSUANT TO CHAPTER 4.92 RCW 4.92.100**

38. Paragraphs 1-22 are hereby referenced and incorporated as if though fully stated herein at length.

39. The state agencies responsible for the damage / injury in the instant matter include the Washington State Department of Corrections and various individuals not identified at this time to be identified properly throughout the process of discovery.

40. Based on the aforementioned conduct, the Defendant state of Washington caused injuries and damages as previously described in addition but not limited to the following:

41. As a direct and proximate result of the misconduct of the Defendants individually and collectively described herein, Plaintiff suffered economic and non-economic damages in an amount to be fully determined in a trial by jury.

42. The Plaintiff is seeking compensatory and punitive damages against each of the Defendants named in the instant matter individually and collectively in an amount to be determined in a trial by jury as well as any and all other Relief deemed necessary and applicable including but not limited to injunctive relief ordering the restoration of the real property subject to the instant matter to the possession of the Plaintiff.

**JURY TRIAL DEMANDED**

43. The Plaintiff hereby demands a trial by jury with regards to any and all genuine disputes of material facts.

**PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, the Plaintiff seeks that this Honorable Court enter a judgment against the Defendants as follows:

A) COMPENSATORY DAMAGES in an amount not less than $5,000,000 to be determined in a trial by jury

B) PUNITIVE DAMAGES in an amount to be determined in a trial by jury

C) COSTS AND FEES associated with litigating the instant matter

D) ANY AND ALL OTHER RELIEF DEEMED NECESSARY AND APPLICABLE

DATED: ~~May 1,~~ 2023 Sept. 10,

Respectfully Submitted,

Warren E. Bell III