FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 24, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WARREN E. BELL, JR.,<br><br>                    Plaintiff,<br><br>     v.<br><br>WASHINGTON DEPARTMENT OF CORRECTIONS, WSP MEDICAL STAFF JOHN DOES 1-10, ARNP D. LINDSAY, DESARAYE CAUGHRON, and DOC DIRECTOR CHERYL STRANGE,<br><br>                    Defendants. | NO:  4:23-CV-05134-RMP<br><br>ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT |

Plaintiff Warren E. Bell, Jr., a prisoner currently housed at the Washington State Penitentiary ("WSP"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  ECF No. 1.  By separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*.  Defendants have not been served.

**PRISON LITIGATION REFORM ACT**

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 1

governmental entity or officer or employee of a governmental entity.  28 U.S.C. §
1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner
has raised claims that are legally "frivolous or malicious," that fail to state a claim
upon which relief may be granted, or that seek monetary relief from a defendant
who is immune from such relief.  28 U.S.C. §§ 1915A(b) & 1915(e)(2); *see Barren
v. Harrington*, 152 F.3d 1193, 1194–95 (9th Cir. 1998).

A claim is legally frivolous when it lacks an arguable basis either in law or
in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on
other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000)
(en banc); *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984).
Therefore, the Court may dismiss a claim as frivolous where it is "based on an
indisputably meritless legal theory" or where the "factual contentions are clearly
baseless."  *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional
claim has an arguable basis in law and fact.  *See Jackson v. Arizona*, 885 F.2d 639,
640 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*, 203
F.3d at 1130–31; *Franklin*, 745 F.2d at 1227.

The facts alleged in a complaint are to be taken as true and must "plausibly
give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).
Mere legal conclusions "are not entitled to the assumption of truth."  *Id.*  The
complaint must contain more than "a formulaic recitation of the elements of a
cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 2

complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Applying these standards to Plaintiff's complaint, the allegations therein as pleaded against the named Defendants fail to state a claim upon which relief may be granted.

## SECTION 1983

Section 1983 requires a claimant to prove that (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632–33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir.1991) (emphasis and brackets in the original), *abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Although the standard to evaluate a motion to dismiss is liberal, particularly when the action has been filed *pro se*, a liberal interpretation of a civil rights complaint may not supply essential elements of a

1   claim that the plaintiff initially failed to plead.  *Id*.  Thus, to withstand dismissal on a

2   section 1983 claim, Plaintiff must set forth facts demonstrating how each Defendant

3   caused or personally participated in causing a deprivation of Plaintiff's protected

4   rights.  *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981);

5   *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff has not done so. ECF

6   No. 1 at 13.

7                    **WASHINGTON STATE DEPARTMENT OF CORRECTIONS**

8           Plaintiff names "Washington Dept. Correction," presumably the Washington

9   State Department of Corrections ("DOC"), as a Defendant.  States and state

10  agencies are not subject to suit under section 1983. *Will v. Mich. Dept. of State*

11  *Police,* 491 U.S. 58, 71 (1989).  "*Will* establishes that the State and the arms of the

12  State, which have traditionally enjoyed Eleventh Amendment immunity, are not

13  subject to suit under section 1983 in either federal or state court." *Howlett v. Rose*,

14  496 U.S. 356, 365 (1990); *see also Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d

15  923, 928 (9th Cir. 2017) (explaining that agencies of the state are immune under

16  the Eleventh Amendment from private damages or suits for injunctive relief

17  brought in federal court).

18          Here, the Washington State DOC is an "arm of the State."  Therefore, the

19  Washington State DOC is entitled to Eleventh Amendment immunity and does not

20  qualify as a "person" under section 1983.  Accordingly, any claims against the

21

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 4

Washington State DOC are subject to dismissal for failure to state a claim upon which relief may be granted.

## CHERYL STRANGE

Plaintiff names the DOC Director, "Cherly," presumably Cheryl Strange, as a Defendant to this action.  A supervising state official such as Director Strange may be liable under section 1983 only if  she "knew of the violation[ ] and failed to prevent [it]," or she established a custom or policy that led to the violation.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)*; see also Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 680 (9th Cir. 1984); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor can only be held liable for his or her own culpable action or inaction).  Here, there is no indication that Defendant Strange was aware of constitutional violations or that any alleged violations were caused by a custom or policy that she established.  Plaintiff has failed to state a claim upon which relief may be granted against Defendant Strange, and she is, therefore, subject to dismissal.

## JOHN DOE DEFENDANTS

Plaintiff names "John Does 1-10" in the caption of the complaint form, lists two sets of John and Jane Does 1-10 in the caption of a self-prepared complaint, and then presents "Washington Department of Corrections and John Does 1-10" under "PARTIES" in a typed complaint. ECF No. 1 at 1, 9, 12.  The use of "John Doe" to identify a defendant is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642

(9th Cir. 1980).  However, situations arise where the identity of an alleged defendant will not be known prior to the filing of the complaint.  The Court can allow a plaintiff to identify the unknown defendants through discovery unless it is clear that discovery would not uncover the identity or that the complaint would be dismissed on other grounds. *Id.*

For Plaintiff to properly name "John Doe" Defendants, he must identify "John Does" by their function/action (i.e. John Doe #3 was the medical officer who treated my injuries on [date]).  Simply saying "John and Jane Does 1–10" is insufficient within the meaning of the rules of pleadings. *See* Fed. R. Civ. P. 8 and 9.

## PLAINTIFF'S ALLEGATIONS

Plaintiff accuses unspecified Defendants of violating his right to be free from cruel and unusual punishment by allegedly refusing to provide medical treatment.  ECF No. 1 at 9 and 13.  He seeks $5,000,000.00 in monetary damages. *Id.* at 7 and 19.

Plaintiff handwrites "Desaray Caughron," a named Defendant to this action, under the heading, "Dept. Corrections Staff," that includes several other individuals. *Id.* at 3 and11.  He then lists the date of September 6, 2022, but presents no factual allegations concerning these individuals or this date. *Id.* at 11.

Plaintiff provides several typewritten pages asserting jurisdiction, venue and "parties," including "John Does 1-10." *Id.* at 12–19.  Plaintiff claims that he "does

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 6

not currently know the true names and capacities of those who may have a role in the matters complained of . . . ." *Id.* at 12.  If Plaintiff wishes to name John or Jane Does to this action, then he must provide identifying information as outlined above, and state what each John or Jane Doe Defendant did that violated his constitutionally protected rights.

Plaintiff contends that "[t]hroughout the course of the previous year, as evidenced in the medical records of the Plaintiff, the Plaintiff has been denied proper medical treatment by the Defendants so much that it has resulted in an infection that has caused the Plaintiff substantial amount of pain and suffering while in the custody and care of the Defendants." *Id.* at 13.  Plaintiff does not support these conclusory assertions with any factual allegations.

## EIGHTH AMENDMENT MEDICAL CLAIM

To establish a section 1983 claim for medical mistreatment or denial of medical care under the Eighth Amendment, an inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Deliberate indifference exists when an official knows of and disregards a serious medical condition and the official is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837.  To demonstrate deliberate indifference, a prisoner must allege facts sufficient to indicate a culpable

state of mind on the part of prison officials.  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim.  *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A showing that a prison official was negligent or medically negligent is insufficient to establish a constitutional deprivation under the Eighth Amendment. *See Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) ("Mere medical malpractice does not constitute cruel and unusual punishment." (internal citation omitted)); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing a replacement crutch, because claims did not amount to more than negligence); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (stating that mere negligence in diagnosing or treating a medical condition, without more, does not violate the Eighth Amendment), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (holding that even gross negligence is insufficient to establish a constitutional violation).

Plaintiff alleges no facts indicating that the course of action of persons identified as Defendants to this action was medically unacceptable under the circumstances or was chosen in conscious disregard of an excessive risk to

Plaintiff's health. *See Hamby v. Hammond,* 821 F.3d 1085, 1092 (9th Cir. 2016).

A showing of medical malpractice or negligence is insufficient to establish a

constitutional deprivation under the Eighth Amendment." *Toguchi v. Chung*, 391

F.3d 1051, 1060 (9th Cir. 2004).   As presented, Plaintiff has failed to present facts

from which the Court could infer that persons named as Defendants to this action

were deliberately indifferent to his serious medical needs. In the absence of a

federal constitutional claim, the Court will not assert supplement jurisdiction over

any state tort claim. ECF No. 1 at 18.

## OPPORTUNITY TO AMEND OR VOLUNTARILY DISMISS COMPLAINT

Unless it is clear that amendment would be futile, a *pro se* litigant must be

given the opportunity to amend his complaint to correct any deficiencies.  *Noll v.

Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute on other

grounds,* 28 U.S.C. § 1915(e)(2), *as stated in Aktar v. Mesa*, 698 F.3d 1202, 1212

(9th Cir. 2012).  Plaintiff may submit an amended complaint within **sixty (60) days**

of the date of this Order which must include sufficient facts to state a claim upon

which relief may be granted.

Plaintiff's amended complaint shall consist of a **<u>short</u>** and **<u>plain</u>** statement

showing that he is entitled to relief.  Plaintiff shall allege with specificity the

following:

> (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights,

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 9

(2) the dates on which the conduct of each Defendant allegedly took place, and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Furthermore, Plaintiff shall set forth his factual allegations in separate numbered paragraphs. **This amended complaint will operate as a complete substitute for (rather than a mere supplement to) the present complaint**. Plaintiff shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, and it may not incorporate any part of the original complaint by reference. **It must be labeled the "First Amended Complaint" and cause number 1:23-CV-03138-RMP must be written in the caption.**

Plaintiff references medical records in his complaint. A plaintiff does not need to submit exhibits, affidavits, grievances, witness statements, or any other materials with his complaint. If Plaintiff chooses to submit any documents in this action, they must relate directly to the claims presented in an amended complaint that properly states a claim upon which this Court can grant relief. Plaintiff must specify which portion of the "exhibit(s)" (i.e., page and paragraph) he is relying on to support the specific fact(s) of the claims presented in the amended complaint. The Court will not review a litigant's exhibits in search of a claim not clearly and concisely presented in the amended complaint.

**PLAINTIFF IS CAUTIONED THAT IF HE FAILS TO AMEND WITHIN 60 DAYS AS DIRECTED, THE COURT WILL DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).**  A prisoner who brings three or more civil actions or appeals which are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

If Plaintiff chooses to amend his complaint and the Court finds that the amended complaint is frivolous, malicious, or fails to state a claim, the amended complaint will be dismissed.  *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).  Such a dismissal may count as one of the dismissals under 28 U.S.C. § 1915(g).

Alternatively, the Court will permit Plaintiff to voluntarily dismiss his complaint pursuant to Federal Rule of Civil Procedure 41(a).  Plaintiff may submit the attached Motion to Voluntarily Dismiss the Complaint within **60 days** of the date of this Order or risk dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), and a "strike" under 28 U.S.C. § 1915(g).  A voluntary dismissal within this 60-day period will not count as a strike.

Plaintiff is still obligated to pay the full filing fee of $350.00.  However, if Plaintiff elects to take a voluntary dismissal within the 60-day period, Plaintiff may simultaneously file a separate Affidavit and Motion to waive collection of the

remaining balance of the filing fee in this action.  The Court will grant such a motion only for good cause shown.  In no event will prior partial payments be refunded to Plaintiff.

Accordingly, **IT IS HEREBY ORDERED:**

(1) Plaintiff may submit an amended complaint within **sixty (60) days** of the date of this Order which must include sufficient facts to state a claim upon which relief may be granted.  Plaintiff is cautioned that if he fails to amend within 60 days as directed, the Court will dismiss the complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2) Alternatively, the Court will permit Plaintiff to voluntarily dismiss his complaint pursuant to Federal Rule of Civil Procedure 41(a) within **sixty (60) days** of the date of this Order or risk dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), and a "strike" under 28 U.S.C. § 1915(g).  A voluntary dismissal within this 60-day period will not count as a strike.

**IT IS SO ORDERED**.  The District Court Clerk is **DIRECTED** to enter this Order and forward a copy to Plaintiff, along with a form Motion to Voluntarily Dismiss Complaint, and a civil rights complaint form.

**DATED** October 24, 2023.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER TO AMEND OR VOLUNTARILY DISMISS COMPLAINT -- 12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WARREN E. BELL, JR., | No:  4:23-CV-05134-RMP |
| Plaintiff, | MOTION TO VOLUNTARILY DISMISS COMPLAINT |
| v. | |
| WASHINGTON DEPARTMENT OF CORRECTIONS, WSP MEDICAL STAFF JOHN DOES 1-10, ARNP D. LINDSAY, DESARAYE CAUGHRON, and DOC DIRECTOR CHERYL STRANGE, | |
| Defendants. | |

Plaintiff  WARREN E. BELL, JR., requests the Court grant his Motion to Voluntarily Dismiss the Complaint pursuant to Rule 41(a), Federal Rules of Civil Procedure.  Plaintiff is proceeding *pro se*; Defendants have not been served in this action.

**DATED** this_____day of _____ 20____.

_____
WARREN E. BELL, JR.

MOTION TO VOLUNTARILY DISMISS COMPLAINT -- 1